UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

DAVID WEISS,

                           Plaintiff,

       -against-

MACY'S RETAIL HOLDINGS INC., a/k/a
MACY'S INC.,

                          Defendant.

------------------------------------------------------------- X

**OPINION AND ORDER ON MOTION TO ALLOW EXPERT TESTIMONY**

16 Civ. 7660 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

         This is an action for violation of the American Disabilities with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, but the more immediate issue is whether the parties must arbitrate their dispute. To make that determination, the Court is scheduled to conduct a limited trial to determine whether plaintiff David Weiss ("Weiss") received certain mailings concerning mandatory arbitration. Defendant Macy's Retail Holdings Inc. ("Macy's") moves to allow the expert testimony of Professor Marla Brassard, Ph.D., at that trial. For the reasons stated herein, defendant's motion to allow expert testimony is granted.

## BACKGROUND

         Weiss is a former Macy's employee. According to the complaint, Weiss has a learning disability that compromises his brain functioning with respect to certain executive functions and cognitive processes. Because of this disability, he required accommodations at his job at Macy's. Following Weiss's termination, which was allegedly motivated by a supervisor's desire to avoid accommodating Weiss's disability, Weiss filed this lawsuit. He brought claims for harassment based upon disability and for failure to provide a reasonable accommodation.

Macy's moved to compel arbitration and stay civil proceedings. ECF No. 13. Macy's argued that Weiss agreed to resolve all employment-related legal disputes through arbitration when he failed to submit a form (the "Election Form") opting out of Macy's dispute resolution program. ECF No. 14. I denied Macy's motion to compel arbitration. ECF No. 39. I found that Weiss did not enter into an agreement to arbitrate because the election form that Macy's sent to Weiss did not constitute an offer, and Weiss's failure to return that form did not constitute acceptance.

The Second Circuit vacated and remanded for further proceedings. It found that "the documents, if received by Weiss, coupled with his failure to send back the opt-out form and his continued working for Macy's, bound him to arbitrate his dispute." ECF No. 55. The Second Circuit remanded the case to resolve the contested factual issue of whether Weiss actually received the paperwork from Macy's. I will preside over a jury trial to address that issue.

Weiss has consistently asserted that he never received the packet from Macy's that purportedly included the Election Form, along with an explanation of the rules and procedures for Macy's dispute resolution program (the "Plan Document"). According to declarations submitted by Weiss and his brother Joseph Weiss ("Joseph") in opposition to the motion to compel arbitration, the family has a procedure for reviewing Weiss's mail: Because Weiss has difficulty reading and processing information, he shows all of his "important or official" mail to Joseph. Joseph then reads or explains the documents to Weiss. ECF No. 17, Exs. 2, 4. Joseph says that the Plan Document and Election Form are the types of documents that Weiss normally would have shown him, and Joseph never saw them prior to this litigation. ECF No. 17, Ex. 4 ¶ 12.

In the instant motion, Macy's seeks an order allowing its expert, Dr. Brassard, to testify at trial regarding Weiss's claimed learning disability. Dr. Brassard is a licensed psychologist, certified school psychologist, and Fellow of the American Psychological Association. She has, among other credentials, 24 years of experience as a consultant to high stakes testing agencies on applicant requests for testing accommodations and 38 years of experience as a professor in graduate-level programs in school psychology.

Dr. Brassard's evaluation included a two-day, in-person examination of Weiss and extensive review of documents. ECF No. 92, Ex. D. Based on Weiss's grades in high school, college, and graduate school; scores on standardized tests like the SAT and Regents Exam; and reading vocabulary demonstrated during the in-person examination, Dr. Brassard concluded that Weiss would have been able to read the Election Form. *Id.* Additionally, applying the standards in the *Diagnostic and Statistical Manual of Mental Disorders, 5th Edition* ("DSM-V"), Dr. Brassard concluded that Weiss does not have Specific Learning Disorder with impairments in reading in the form of inaccurate or slow and effortful reading. *Id.* Weiss, according to Dr. Brassard, is a "competent reader." *Id.* Macy's argues that Dr. Brassard's testimony is relevant to challenge Weiss's purported family procedure for reviewing mail. Weiss claims to have a learning disorder, which is why he would have enlisted Joseph's help in reviewing documents like the Election Form. Dr. Brassard would challenge that claimed learning disorder, which would potentially raise questions about the credibility of the Weiss family's purported procedure.

## DISCUSSION

The admissibility of expert testimony is governed by Federal Rule of Evidence 702:

3

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

First, I find that Dr. Brassard is qualified as an expert. Dr. Brassard has a Ph.D. in Educational Psychology and is a licensed psychologist. ECF No. 92, Ex. E. In nearly four decades as a professor, she has amassed academic and clinical experience in the area of psychoeducational evaluation. She has also consulted on requests for testing accommodations for neurodevelopmental and mental health disorders. This constitutes sufficient "knowledge, skill, experience, training, or education" to offer an opinion as to the existence and extent of any learning disability Weiss may have. Fed. R. Evid. 702. While the context in which Dr. Brassard evaluated Weiss is different from the educational or testing contexts, from which Dr. Brassard derives most of her experience, an "expert should not be required to satisfy an overly narrow test of [her] own qualifications." *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, No. 04 Civ. 7369, 2006 WL 2128785, at *5-6 (S.D.N.Y. July 28, 2006).

Second, I find that Dr. Brassard's opinions are sufficiently reliable. The court "consider[s] the indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony 'is the product of reliable principles and methods'; and (3) that 'the witness has applied the principles and methods reliably to the facts of the case.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266-67 (2d Cir. 2002); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993) (identifying additional factors to be used in assessing reliability). Dr. Brassard gathered a variety of data points, including through her own examination of Weiss and review of documentary evidence.

4

In her report, she explains the tests she administered and how she applied the criteria set forth in the DSM-V to the data she gathered. This is an accepted method of psychological diagnosis. *See Tardif v. City of New York*, 344 F. Supp. 3d 579, 600 (S.D.N.Y. 2018). Weiss contends that Dr. Brassard gave excessive weight to certain data (*e.g.*, Weiss's academic history) and insufficient weight to others (*e.g.*, Weiss's need for informal accommodations). These disputes are not a basis for barring Dr. Brassard's testimony. Rather, they could be explored on cross-examination. *Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326-27 (S.D.N.Y. 2009) ("To the extent the Defendants have any questions about the weight or the sufficiency of the evidence upon which [expert] relied, or the conclusions generated therefrom, those questions can be asked on cross-examination.").

"Even after determining that a witness is 'qualified as an expert' to testify as to a particular matter, and that the opinion is based upon reliable data and methodology, Rule 702 requires the district court to make a third inquiry: whether the expert's testimony (as to a particular matter) will 'assist the trier of fact.'" *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (internal citations omitted). I hold that Dr. Brassard's testimony is likely to assist the trier of fact. Weiss's cognitive abilities are in issue, and a competent expert can assist the trier of fact in evaluating Weiss's condition. Testimony thus limited will not usurp the role of the jury in assessing Weiss's credibility.

Dr. Brassard will be allowed to testify at trial. Subject to objection at trial, plaintiff's expert, Dr. Ami Norris-Brilliant, will also be allowed to testify in rebuttal.

5

## CONCLUSION

For the reasons stated herein, defendant's motion to allow expert testimony is granted. Any ruling I expressed previously, orally or in writing, that is inconsistent with this ruling is vacated. The Clerk shall terminate the motion (ECF No. 90).

SO ORDERED.

Dated: November 19, 2019
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge